# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41424
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GIOVANI ALVARO PEREZ-AGUILAR, also known as Giovani Higinio Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-541-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Giovani Alvaro Perez-Aguilar appeals his 57-month sentence following his conviction for being found illegally in the United States, having been previously convicted of a felony. He argues that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing factors of 18 U.S.C. § 3553(a). Specifically, Perez-Aguilar

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41424

contends that his underdeveloped arm "rebut[s] any presumption of reasonableness that might be applied to the sentence imposed." He suggests that his physical deformity will put him at a disadvantage in prison and when he is deported back to Mexico.

There is no dispute that Perez-Aguilar's 57-month sentence was imposed within a properly-calculated guidelines range. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Perez-Aguilar's mere disagreement with the applicable guidelines range is insufficient to demonstrate that his sentence is substantively unreasonable. Insofar as Perez-Aguilar contends that the district court failed to take into account his personal history and characteristics, these factors do not require a district court to impose a sentence lower than a guidelines range sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The district court heard defense counsel's arguments, including the fact that Perez-Aguilar suffers with an underdeveloped arm, but determined that Perez-Aguilar's circumstances did not take his case "outside the heartland" and that a within-guidelines sentence was appropriate. His disagreement with the district court's evaluation of the sentencing factors is not sufficient to rebut the presumption of reasonableness. *See Ruiz*, 621 F.3d at 398; *Puckett v. United States*, 556 U.S. 129, 134-35 (2009).

AFFIRMED.